IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN D. KINDLER, SANDRA ALUISE
*Administator and Administratrix of the Estate of JASON KINDLER, Deceased, on behalf of the estate of JASON KINDLER and on behalf of the Wrongful Death Heirs*,

        Plaintiff(s),

    v.

RAMON C. RUSTIN *individually and in his official capacity as Warden of the Allegheny County Jail*, DANA PHILLIPS *individually and in her official capacity as Chief Operating Officer of Allegheny Correctional Health Services Inc.*, ALLEGHENY COUNTY HEALTH DEPARTMENT, ET AL.,

        Defendant(s).

09cv0594
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER**

Before the Court is the Motion to Dismiss filed by defendants Bruce Dixon, Ramon Rustin, Allegheny County Health Department, Allegheny County, and Dan Onorato (doc. no. 5).[1] On May 14, 2009, plaintiff initiated this wrongful death lawsuit against the defendants alleging that defendants, while acting under color of state law pursuant to 42 U.S.C. § 1983, violated the Eighth Amendment rights of plaintiff's decedent while he was an inmate at Allegheny County Jail.[2] According to the complaint, defendants acted, and failed to act, in deliberate indifference

---

[1] Defendant, Dana Phillips, individually and in her official capacity as Chief Operating Officer of Allegheny Correctional Health Services Inc. filed an answer to the complaint, and therefore, no motion to dismiss was filed on her behalf. (doc. no. 3)

[2] At the initial case management conference on this date, plaintiff agreed to drop allegations relating to violations of the Fourth Amendment and will file an amended complaint

to plaintiff decedent's medical needs, when plaintiff's decedent, while alone in his cell, committed suicide by hanging himself with his shoe laces, which defendants allegedly allowed him to possess in his cell, despite alleged knowledge of decedent's history of significant mental illness and suicide attempts.  Plaintiff has brought a four count complaint pursuant to 42 U.S.C. § 1983 against all defendants, state law claims for negligence against all defendants, and a claim against Allegheny County for failure to adequately train pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978).  Defendants have filed a motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. Pr. 12(b)(6).

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803263, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12.  The plausibility standard in *Iqbal* "asks for more than a sheer

---

forthwith.  With that caveat, the Court orally denied the motion to dismiss.

possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*.  While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth.  *Swett*, quoting *Iqbal*, at *13.  "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'"  *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party.  *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)(citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).  However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997).  A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations.  *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory.  *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224).  However, this standard does

not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008)(citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of the complaint, when taken as true, allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged, and that the complaint meets the standards as enunciated in *Twombly* and *Iqbal*.  See also, *Fowler v. UPMC Shadyside*, no. 07-4285 (3d Cir. August 18, 2009), quoting *Iqbal*, 129 S.Ct. At 1949.  ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible.  This then 'allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged.'").  Accordingly,

**AND NOW, this 25th day of August, 2009,** after due consideration to defendants' motion to dismiss the complaint (doc. no. 5), and plaintiff's response thereto (doc. no.8),   **IT IS HEREBY ORDERED** that defendants' motion to dismiss (doc. no. 5) **IS DENIED** without prejudice to defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

      SO ORDERED this 25th day of August, 2009.

      s/Arthur J. Schwab
      Arthur J. Schwab
      United States District Judge

cc:   All Registered ECF Counsel and Parties